[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 44, whose birth name is Vasquez, and the defendant husband, 43, married on August 30, 1980 in New York City, New York. They have one child, Christopher Andrew, born July 23, 1987. The plaintiff has resided continuously in this state for over one year prior to bringing this action for dissolution of their marriage and other relief thereby affording the court jurisdiction. No other child has been born to the plaintiff since the marriage nor has the family ever received assistance from the state.
When married the plaintiff had just graduated from Columbia University with an engineering degree in May 1980. She was employed as a consultant and then as a manager by New York Telephone over the ensuing eight years. She brought no assets of value to the marriage. Her earnings advanced from $25,000 to $45,000 during these years. After the birth of their child the plaintiff shortly thereafter stopped working outside the home. The plaintiff is fluent in Spanish and French.
The defendant received a B.B.A. degree from pace University in 1981. He then worked for a French banking concern in customer service and in trading currency. He is fluent in French. He lost his job in November, 1999 and was unemployed for 18 months. Five months ago he found employment as a real estate agent handling rentals in New York City and Paris.
The plaintiff enjoys good health. The defendant has generally good health but he is a recovering alcoholic. Despite his affliction he has been the sole wage earner for the past several years.
The parties purchased their first home in Rego Park, New York in 1987 for $274,000, putting $124,000 of savings down and mortgaging for the balance. The premises were sold in 1997 for $385,000 and with the net proceeds the parties purchased their current home in New Canaan known as 121 Parish Road South for $454,000, mortgaging it for $300,000 to complete the purchase. The current mortgage balance is about $287,000 and requires a weekly installment for principal, interest and taxes of $779 or $3,350 monthly.
The house contains an "in law" apartment that has been occupied by the CT Page 5493 plaintiffs parents since 1998 for which the plaintiff receives $93.75 weekly.
The plaintiff claims the fair market value of the marital house to be $750,000 while the defendant asserts it is $950,000 based on his observation of new construction in the area. Neither side offered any corroboration for the respective estimates of value. Although the plaintiff wishes to retain the house she has not demonstrated any viable financial plan that would allow her to maintain it. The defendant vacated the premises in November, 2000.
The defendant lists a pension he values at $98,000 and a 401(k) he values at $90,000. The plaintiff lists an IRA for $1,223.
The court has heard the parties, evaluated the evidence, considered each party's claims for relief, the relevant statutes and case law and enters the following decree.
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared unmarried. The defendant's cross-complaint is dismissed as moot.
2. Joint legal custody of the minor child is ordered with primary residence with the plaintiff. The defendant is awarded reasonable visitation.
3. The defendant's child support guidelines worksheet is adopted by the court. The defendant shall pay $119 to the plaintiff as child support and 76.39% of any unreimbursed medical expense. A contingent wage withholding is ordered, the parties having waived an immediate one.
4. The defendant shall pay $80 weekly to the plaintiff as periodic alimony until the death of either party, the plaintiffs remarriage or cohabitation pursuant to General Statutes § 46b-86. The contingent wage withholding order extends to said order of periodic alimony.
5. The marital home is ordered to be sold. It shall be placed on the market immediately at a price to be agreed upon by the parties. The net proceeds of sale shall be divided 60% to the plaintiff and 40% to the defendant. Any dispute regarding this order may be resolved by a motion or motions for articulation.
Until the home is sold and closed, the plaintiff shall be responsible for the maintenance of house, yard and utilities. The parties are permitted to place a second mortgage on the premises, not to exceed $35,000, to cover the first mortgage installments. The plaintiff shall CT Page 5494 have sole authority to draw on the equity loan for the sole purpose of keeping said first mortgage current.
6. The plaintiff is awarded 50% the defendant's pension and 50% his 401 (k). The plaintiff shall retain her IRA as her sole property.
7. The parties shall divide their bank accounts, First Investors account, gold coins and silver bars equally.
8. The plaintiff is awarded the Jeep Cherokee as her sole property.
9. The defendant is award the 1992 BMW as his sole property.
10. The defendant shall continue to maintain medical coverage for their minor child for so long as he is obliged to pay child support and §46b-84 (e) applies to this order.
11. Each party shall be solely responsible for any debts incurred by said party.
12. The contents of the marital home shall be divided equally between the parties but the contents shall remain in the house, unless otherwise agreed by the parties in writing, until the sale of the premises. The plaintiff shall continue to enjoy exclusive possession of the premises and contents until transfer of title.
13. The plaintiff is awarded an allowance to prosecute of $7,000 payable at closing from defendant's share of the net proceeds.
So Ordered.
____________________ Harrigan, J.T.R.
[EDITORS' NOTE: CT Page 5495 CT Page 5496 are blank] CT Page 5497